JOHN B. BURTIS, RELATOR, v. EDWARD P. HAINES, RESPONDENT.

Argued June 7, 1917—Decided November 8, 1917.

1. The fundamental purpose exhibited in the act of 1885 (*Pamph. L., p.* 178), providing that thereafter "no member of any board of aldermen, common council, township committee or other municipal board or body shall, during the term for which he shall have been elected such member, be eligible for election or appointment to any office that is now or hereafter may be by law required to be filled by any such board," etc., is to prevent absolutely the distribution of offices among members of the appointing body and thus protect the public against favoritism or partiality in the making of these appointments, and includes county boards of freeholders in the term "other municipal board or body."

2. The people of Burlington county, a county of the second class, having wrongfully assumed that the Small Board of Freeholders act of 1902 (*Comp. Stat., p.* 509) was applicable to that municipality, voted to adopt the provisions of that act, and then elected a small board in conformity therewith, which board appointed respondent to the office of county superintendent of weights and measures. *Held*, that such an appointee, although vested with a *de jure* title to the office, could only have been appointed for a term of one year under section 6 of the act of 1902, and was not

protected in office during good behavior by the provisions of the supplement of 1912 (*Pamph. L., p.* 168) to the act of 1911 (*Pamph. L., p.* 414), creating the office of county superintendent of weights and measures.

On information in the nature of a *quo warranto.*

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the relator, *James Mercer Davis.*

For the respondent, *V. Claude Palmer.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The board of freeholders of the county of Burlington on the 1st day of January, 1917, appointed John B. Burtis, the present relator, to the office of county superintendent of weights and measures, having first declared that office vacant. The validity of the appointment depends upon the accuracy of this declaration. If the office was vacant, then Mr. Burtis is entitled to its possession, and a judgment of ouster against the respondent, Haines, the present incumbent. If it was not, then he can take nothing by his information. Stated in another way, if Mr. Haines has a valid title to the office which he is now occupying, as he claims that he has, the relator's case fails; if he has not, then Mr. Burtis is entitled to be put in possession of the office.

The statute creating this office became a law on April 24th, 1911 (*Pamph. L., p.* 414) ; and by a supplement thereto, passed March 21st, 1912 (*Pamph. L., p.* 168), the term of the office was made indefinite, and the incumbent authorized to hold it during good behavior.

At the time of the original enactment Mr. Haines was a member of the board of freeholders of Burlington county, holding for a term which expired on December 31st, 1912. On the 5th of July, 1911, the board appointed him to the office of county superintendent of weights and measures for a term of five years, he then being a member of the appointing body;

and he thereupon entered into possession of the office, and took upon himself the performance of the duties thereof.

At the November election of 1911 the electors of Burlington county voted to adopt the act of March 26th, 1902, entitled "An act to reorganize the boards of chosen freeholders of the several counties of this state, reducing the membership thereof, fixing the salaries, and providing for the election and terms of office of the members, and also for the appointment and terms of office of officers appointed by such boards" (*Comp. Stat., p.* 509), commonly known as the Small Board of Freeholders act; and at the then next following election, that is, in November, 1912, elected an entirely new board of freeholders under and by virtue of the provisions of that statute. On the 1st of January, 1913, this newly-elected board assumed control of the affairs of the county, and proceeded to fill certain offices which were considered to be vacant, reappointing Mr. Haines as county superintendent of weights and measures. The length of his term was not specified in the resolution of appointment; but the sixth section of the act of 1902 provided that all of the appointments first made by the small board should be "for the term of one year only."

In March, 1913, it was decided by this court that by the amendment to the Small Board of Freeholders act, passed April 10th, 1908 (*Pamph. L., p.* 269), counties of the second class—of which Burlington is one—were excluded from the scope and operation of the statute; that an election held after the passage of the amendment by the voters of a county of this class adopting the act of 1902 was nugatory; and that the several members of a board subsequently elected under its provisions were not rightful representatives of the people of the county. *Pierson* v. *Cady,* 84 *N. J. L.* 54. After the promulgation of this decision the small board of freeholders of Burlington county continued in office, as a *de facto* body, until the 1st day of January, 1914, and then retired in favor of a new board which had been elected at the preceding November election under the law as it existed prior to 1902. This new board took no action with relation to the filling of the office of county superintendent of weights and measures, nor did any

succeeding board do so until January 1st, 1917, when Mr. Burtis was appointed. Mr. Haines, however, continued in possession of the office during the whole of this period, under a claim of right, performing its duties and receiving its emoluments.

From the above recital it appears that Mr. Haines was twice appointed to the office which he holds; once in 1911 by the board of which he was then a member, and again in 1913 by the small board which had been elected in November, 1912. Does either one of these appointments sustain his claim of title to the office?

Considering, first, the validity of his appointment in 1911 by the board of which he was a member: In 1885 the legislature of this state passed an act entitled "An act relating to elections and appointments to office hereafter to be made by any board of aldermen, common council, township committee or other municipal board or body," and providing that thereafter no member of any such board should, during the term for which he should have been elected such member, be eligible for election or appointment to any office that was then, or thereafter might be, by law required to be filled by such board. *Comp. Stat., p.* 3478, *pl.* 79. The contention of the relator is that this statute is applicable to appointments made by boards of freeholders; that the original appointment of Mr. Haines was in violation of its provision; and that, therefore, such appointment vested him with no title to the office.

The words "other municipal board or body" are broad enough to include county boards of freeholders. In the case of *Union Stone Co.* v. *Freeholders* of *Hudson,* 71 *N. J. Eq.* 657, it was held that what is known as the Municipal Lien law (*Comp. Stat., p.* 3315), which provides for a lien in favor of mechanics and materialmen for work done upon, or material furnished for, any public improvement in "cities, towns, townships and other municipalities of this state" embraced counties within its scope. In the case of *Herman & Grace* v. *Freeholders of Essex, Id.* 541, the same court reiterated this declaration; and when this latter case came before the Court of Errors and Appeals, the decree there under review was

affirmed on the opinion below. *S. C., 73 Id.* 415. The question now to be determined, therefore, is, whether it was the intention of the legislature to include counties within the scope of the act of 1885. We think such intention appears. The fundamental purpose exhibited in the statute is to prevent absolutely the distribution of offices among members of the appointing body and thus protect the public against favoritism or partiality, if nothing worse, in the making of these appointments. It must be conceded that this purpose is equally as important in its relation to county as to other municipal governments, and the statute should be construed liberally so as to give as broad a scope to the remedy provided by it as the language used will justify.

We conclude, therefore, that the original appointment of Mr. Haines, having been made in violation of this statute, conferred upon him no title to the office which he has ever since held. This being so, it follows that the supplement of March 21st, 1912, providing that the term of office of a county superintendent of weights and measures should continue during good behavior, conferred no right upon Mr. Haines under his original appointment, for, of course, that act had relation to *de jure,* and not *de facto,* officers.

Does the respondent's claim to be entitled to continue to hold the office of county superintendent of weights and measures by virtue of his appointment on January 1st, 1913, rest upon any more solid foundation?

The argument is, that although the small board was not legally elected, it was, nevertheless, a *de facto* body; that its appointment of the respondent to the office conferred upon him a *de jure* title; and that, having such title, the supplement of March 21st, 1912, became applicable, and vested in him the right to remain in office during good behavior. It must be conceded that this appointment conferred upon Mr. Haines a *de jure* title to the office. It was so decided by the Court of Errors and Appeals in the case of *Brinkerhoff* v. *Jersey City,* 64 *N. J. L.* 225. But in our opinion the contention that upon this appointment the supplement of March 21st, 1912, became operative and entitled him to hold during

good behavior is unsound. The people of Burlington county having wrongfully assumed that the Small Board of Freeholders act of 1902 was applicable to that municipality, voted to adopt the act, and then elected a small board in accordance with its provisions. Although the acts of this board were valid in respect to the public, and third persons, within the scope of the powers of such a board, it could not exercise powers not conferred by the statute under which it assumed to act. In other words, the powers which it could exercise under the act of 1902, were those, and those only, which the statute conferred upon *de jure* boards of freeholders duly organized thereunder. Turning to that act we find in section 6 (*Comp. Stat., p.* 511) a legislative declaration that the terms of office of all officers then holding office under the appointment of any preceding board should expire upon the organization of the new small board, and that the new board should fill the offices thus vacated *for the term of one year only.* This provision applies not only to offices then existing, but also to offices which should come into existence thereafter. It was so determined in the case of *Earle* v. *Durham,* 89 *N. J. L.* 4; *S. C. on appeal,* 90 *Id.* 319. It was further held in that case that the effect of section 6 was to limit the term of all first appointees to one year only, without regard to the normal length of the term designated by the various statutes creating such offices, the theory of the legislation being that, as the new boards in appointing at one and the same time incumbents to so many offices would probably discover afterward that some at least of their selections were not up to the standard desired, public policy required that a short original term of equal length for every office holder should be provided, leaving it to the board of freeholders at the end thereof, and when the defects in the governmental machine should have become apparent, to make such changes in the incumbents of the various offices as their experience should then justify.

Under the decision referred to the office of county superintendent of weights and measures comes within the scope of section 6 of the act. It follows, therefore, that the appointment of Mr. Haines, on January 1st, 1913, was for a term

which expired on January 1st, 1914; that at the expiration of that period the office of county superintendent of weights and measures became vacant; and that the board of freeholders which came into existence on the latter date had full authority to fill that vacancy. Their failure to do this conferred no right upon Mr. Haines. He remained in the office purely by the sufferance of the appointing body, and had no right to continue in it after his successor had been appointed and had qualified.

The relator is entitled to a judgment of ouster against the respondent.